OLIVER AMES,

*v.*

THE FIRST DIVISION ST. PAUL & PACIFIC R. R. Co.

An answer contained a specific denial in the following form: "The defendant denies any knowledge or information thereof sufficient to form a belief as to the value of all or any of the said goods." *Held:* That it raised a good issue as to value.

The fact that a mere agent, having charge of goods, contracted for their transportation without disclosing the name of the owner, does not deprive the owner of his right of action against the carrier for the loss of the goods.

The sufficiency of certain evidence of ownership and value to sustain a verdict considered and determined.

Collateral facts are not admissible except upon cross examination, to prove or disprove a contract.

Parol evidence is admissible to identify the subject matter of a written contract.

The general custom of an agent, with reference to the mode of performing the business of his principal, not competent to prove a specific act.

In an action for the loss of a steam engine delivered to a common carrier for transportation, when there is some evidence of the value of the property lost sufficient to sustain the verdict, it is not error in the Court to refuse to charge, that "If the jury find from the evidence, that portions of the engine were carried by the defendant, and duly delivered to the plaintiff at St. Paul, the jury cannot find a verdict for the plaintiff for more than nominal damages, for the reason that the only testimony of value in the case is, of the value of the engine complete, and there is no evidence in the case of the value of the parts of the engine not carried and delivered."

Where the Court charges the jury upon a point not necessary in the case, but no injury could reasonably result to the appellant therefrom, the verdict will not be disturbed on that account.

This action was brought in the District Court for Ramsey

County, to recover from the defendant damages for the loss of—as alleged in the complaint—"certain goods the property of the plaintiff," which it is charged were delivered to the defendant, who being a common carrier, undertook and agreed to transport the same, on its railroad, from Elk River station to St. Paul; issue was joined and the cause tried before a jury; at the close of the testimony, various requests were made by the respective parties to the Court to charge the jury, the eighth request of the plaintiff being as follows:

*Eighth.* The defendants as common carriers could not limit their liability or exonerate themselves from duties which the law has annexed to their employment by any notices to the plaintiff or his agent, in whatsoever terms such notices may have been given; a common carrier of freight cannot avoid his responsibility for negligence by actual notice to the owners that all baggage and freight are at the risk of the owner. Such notices contravene the policy of the law, and are void as against public policy.

· This request was given by the Court to the jury, under exception taken by defendant. The jury found a verdict for the plaintiff; the defendant moved the Court for a new trial; the Court overruled the motion; and from the order overruling the same, the defendant appeals to this Court. All the other matters, necessary to a full understanding of the case, appear in the opinion of the Court.

H. R. Bigelow for Appellant.

E. C. Palmer for Respondent.

*By the Court.*—McMillan, J. This is an action, brought against the defendant, for the loss of certain goods, alleged to have been delivered to the defendant, as a common carrier for transportation. The interest of the plaintiff in the prop-

erty is an essential fact in the cause of action, and is alleged sufficiently in the complaint. 1 *Ch. Pl.*, 379–80.

The answer admits the incorporation of the defendant; that, at the time alleged in the complaint, it was engaged in operating its said road, and carrying goods between the points stated in the complaint, and that it did not deliver to the plaintiff all, or any, of the goods mentioned therein; it denies each and every allegation in the complaint except those admitted as above stated. The answer also contains the following specific denial of the value of the goods: "The defendant denies any knowledge or information thereof, sufficient to form a belief, as to the value of all or any of the said goods;" this, we think, under our statute, forms a good issue on the question of value; it is not a mere denial in form, but a denial of the substance of the allegation, and is distinguishable, in this respect, from the cases cited by the attorney for the respondent.

Under the pleadings the plaintiff's ownership of the goods was in issue, and the verdict is for the plaintiff.

Upon the question of ownership in the plaintiff, William L. Ames testifying upon this point says: "Oliver Ames owned it, (the property) and I bought the property of Mr. Dunklee for my brother, this plaintiff; Oliver Ames' money paid for it; he furnished the money and it was paid over. My father's name was Oliver Ames; died about five years ago. I have also a brother, son and nephew, all named Oliver Ames; my brother is plaintiff. I bought the property in the name of Oliver Ames, and took a bill of sale to him; drew on my brother for all the money $850; paid to Dunklee $500, at time of purchase, and gave him my own note for balance, payable when property was delivered; my note not paid yet; the whole of the property was never delivered to me. $850 was all I paid for the whole property." The receipt from

Dunklee, from whom the property was purchased, was also offered in evidence, and is as follows:

"Received, Silver Creek, Wright County, Minnesota, 30th July, 1864, from Oliver Ames, by William L. Ames, eight hundred and fifty dollars, it being in full for engine, boiler, main shaft and balance wheel, and all lumber except forty feet or longer sticks, with all the fixtures for engine, now on the mill site, or in my possession, or upon my premises.

CHESTER DUNKLEE,

(STAMP.)                           For the Mill Company."

There was some contrariety of testimony upon the question of ownership. The fact that the five hundred dollars were paid by a check of Wm. L. Ames, for that amount, and that a note was given by him for $350 balance, because the entire property was not delivered at the time, may readily be explained in harmony with the fact of purchase for Oliver Ames. There was no bill of lading for the freight; the contract was a verbal one.

The witness Ames says: "I had charge of the property at Silver Creek; called on Delano, and asked him to take it down; * * * he said he could not take it down immediately; expressed some doubt whether the wheel would pass between the bridges over the road; he said they would bring it as fast as they could; this was in February, 1865; about the middle. * * * Delano is Superintendent of the road."

The jury having found that the plaintiff was, and is, the owner of the goods, the fact that Wm. L. Ames had charge of them, and contracted for their transportation to St. Paul, without disclosing the name of the owner, does not deprive the owner of his right of action against the carrier for the loss of the goods; the action can only be brought by a party having an interest in the goods; Oliver Ames was and still is

the owner. Wm. L. Ames, who had charge of the goods, and contracted for their transportation to St. Paul, and delivery to himself, had no interest whatever in them, and was therefore a mere agent; under such circumstances, the contract enures to the principal, and he may bring an action for its breach. 1 *Ch. Pl.* 379; *Tainter vs. Prendergast*, 3 *Hill,* 72. The appellant further objects, that there is no evidence of the value of the goods not delivered. The goods, alleged in the complaint not to have been delivered, are the engine-bed and cylinder, the bull wheel and iron, the doors, the main shaft and boxes, one pump and two band wheels, of the value of $2000. This embraces all the property delivered to the defendant for transportation, except one fire-front, grates, balance wheel, one pump and two boilers.

The witness Ames, testifies with reference to the value as follows : " The value of the engine is fully $2000 ; I mean the engine simply; the engine with balance wheel is worth $2500 ; *I mean the property not delivered is fully worth* $2000 ; it could not be supplied here for that ; it was a very perfectly finished engine, made in Boston, 15 inch cylinder, 75 horse power."

The testimony of the witness Ames is explicit as to the value of the property not delivered to the plaintiff. There was considerable testimony as to the value of the boilers, the balance wheel and the engine, and as to the capacity and quality of the engine. The jury were fully advised as to the portions of the engine not delivered to the plaintiff, and on the whole, we think, there was evidence sufficient to enable a jury of practical men to determine the value of the property lost, and the jury having passed upon the question, we do not feel called upon to disturb their verdict.

Upon the trial of the cause, F. R. Delano having been called as a witness for the defendant, was asked the following

question : " Was it practicable to carry this class of freight upon the ordinary freight trains ?" Which was objected to by the plaintiff's counsel, and the objection was sustained, to which the defendant excepted. There was no attempt, upon the part of the defendant, to prove a contract contingent in any way, upon the practicability of carrying this property ; the only purpose for which it could have been offered, so far as we can discern, was to show by it, that it was not probable that the defendant made the contract as alleged by the plaintiff ; for this purpose it is not admissible ; the question is not what would the defendant probably do, but what did he do. The plaintiff in his evidence relied upon a contract of one character, and the defendant relied upon a contract of a different character ; clearly it would have been incompetent for the plaintiff to have shown that it was practicable to carry this freight in any particular manner, for the purpose of showing, that it was probable the contract as he alleged it, was made ; the same rule applies to the defendant. Collateral facts, except upon cross examination, are not admissible. 1 *Green-leaf Ev.*, secs. 52, 448. The objection was properly sustained.

The witness Ames, when re-called by the plaintiff was asked the following question : " What lumber is referred to in the receipt ?" Which was objected to as incompetent and immaterial ; the objection was overruled and the defendant excepted. The defendant had offered in evidence the note for $350, given to Dunklee by Wm. L. Ames, which was an agreement by the latter, to pay the former that sum, "as soon as all the loose parts of engine are delivered to my teams, or order, and lumber."

The witness Dunklee, testifying with reference to this note or agreement, says : " Lumber was parts of the mill." This witness also testifies on cross examination, in reference to the

receipt given by him to Ames : "Lumber was delivered in August, 1864, bottom part of old mill, and joists, and timber."

Parol evidence, could properly be received, to identify the lumber referred to in the writing, and in view of Dunklee's testimony, there could be no objection to it, although we are unable to see, that the testimony of either witness, upon this point, was of great importance in the case.

The plaintiff's counsel asked the witness Ames the further question, " What was your general custom in doing the business of Oliver Ames, in reference to this particular property ?" Which was objected to by the defendant ; the objections were overruled, and the defendant excepted ; the witness answered, " My general practice was to give receipts in my own name, and orders in my own name. " The general custom or practice of the witness, in doing the busines of Oliver Ames, is perhaps not material ; it was competent to show by the witness, however, that he signed the receipts, notes, &c., offered in evidence in this case for the benefit of Oliver Ames ; that the business although transacted in his name, was the business of Oliver Ames, which the case shows, and we are unable to see that any injury could have resulted from the answer to this question.

The defendant further objects, that the Court erred in refusing to charge as requested in the fifth request of defendant's counsel, to wit : " If the jury find from the evidence, that portions of the engine were carried by the defendant, and duly delivered to the plaintiff at St. Paul, the jury cannot find a verdict for the plaintiff for more than nominal damages, for the reason, that the only testimony of value in the case is of the value of the engine complete, and there is no evidence in the case of the value of the parts of the engine not carried and delivered."

Ames v. The First Div. St. Paul & Pacific R. R. Co.

This objection is not well taken. We have already arrived at the conclusion, in considering this question with reference to the verdict of the jury, that there was some evidence of value of the goods not delivered, sufficient to sustain the verdict; if we are correct in this, it follows that the refusal of the court to charge as requested was not erroneous. From the facts in this case, the question of notice by the defendant as contemplated in the eighth request submitted to, and charged by the court, was not necessary; but we cannot discern where injury could result to the defendant from the charge of the court thereon, and if the defendant apprehended any danger that the jury would mistake the special contract alleged in the answer, for a mere notice, and regard it as void under the instruction, he should have requested the court to instruct the jury as to the distinction existing between such contract and notice; it is not therefore ground for setting aside a verdict.

We see no error in the case, which, in our view, should disturb the verdict.

The order denying a new trial is affirmed.